[790 NYS2d 549]

In the Matter of PATRICK L. RODGERS, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, March 7, 2005

**APPEARANCES OF COUNSEL**

*Muriel L. Gennosa,* Hauppauge, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on application of this Court dated June 22, 2004, the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent, the Grievance Committee was directed to serve and file a petition within 30 days, the respondent was directed to submit a response within 10 days, and the issues raised were referred to the Honorable John J. Clabby, as Special Referee, to hear and report.

Pursuant to the order, the petitioner served a petition, dated July 22, 2004, containing two charges of professional misconduct against him. The charges are predicated upon the respondent's neglect of a legal proceeding entrusted to him and his failure to cooperate with the petitioner's investigation. The petitioner personally served the respondent with the notice of petition and petition on July 29, 2004. To date, he has failed to submit an answer to the petition as directed by this Court's order.

Although served with the petitioner's notice of motion to impose discipline upon the respondent's default on August 26, 2004, the respondent did not submit a reply or request additional time in which to do so.

In seeking authorization to institute and prosecute a disciplinary proceeding against the respondent, the petitioner recognized that the respondent's misconduct occurred during a period of time when his personal life was in crisis. However, in view of the respondent's extensive disciplinary history, consisting of a letter of admonition in October 1998 for engaging in conduct as a notary involving fraud, deceit, and misrepresentation; three letters of caution between December 2001 and June 2003 for using nonrefundable retainers, failing to devote proper attention to client matters, and failure to promptly pay registration fees; and four separate letters of admonition, all dated June 24, 2003, for neglect, failure to cooperate, and failure to promptly return client funds, the full Committee voted to seek authorization to institute and prosecute a disciplinary proceeding.

Under the totality of circumstances, the motion to impose discipline upon the respondent's default is granted and he is disbarred on default, effective immediately.

H. MILLER, J.P., RITTER, SANTUCCI, KRAUSMAN and GOLDSTEIN, JJ., concur.

Ordered that the motion to impose discipline upon the respondent's default is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Patrick L. Rodgers, is disbarred, and

his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Patrick L. Rodgers, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Patrick L. Rodgers, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Patrick L. Rodgers, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).